FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 21 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-------------------------------------------------------------------x

DAVID MORRISON,

Plaintiff,

-against-

WARDEN of the Metropolitan Detention Center,

Defendant.

-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

15-CV-5929 (WFK)

KUNTZ, United States District Judge:

On September 9, 2015, plaintiff David Morrison filed this *pro se* action against the Warden at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Plaintiff's request to proceed *in forma pauperis* is granted. Plaintiff's claims against the Warden are dismissed, but Plaintiff is granted leave to submit an amended complaint within thirty (30) days of the date of this Order.

## BACKGROUND

According to the complaint, Plaintiff was housed at the MDC on March 13, 2015 when he was assaulted by two other inmates. (Complaint at 1.) Plaintiff alleges that he was beaten unconscious and sodomized in his cell. (*Id.* at 2.) Plaintiff states that he attempted to report the incident to the "STS" officer, but was afraid that he would be seen by his assailants and be subjected to further attacks. (*Id.*) He alleges that he also tried to contact the caseworker, but the caseworker stated that he was not to be disturbed at that time. (*Id.* at 3.) Plaintiff states that when he was transferred from the MDC, he mailed letters describing the assault, but he does not indicate to whom the letters were mailed. (*Id.*) He alleges that he "tried to talk to the warden and regional administrator as they inspected the transfer area and was told by one of the officers

present not to bother the warden." (*Id.*) Plaintiff seeks an unspecified "honorable settlement" and "lawful remedy." (*Id.* at 4.)

## DISCUSSION

### A. Standard of Review

Title 28 of the United States Code, § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Moreover, at the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must plead "enough facts to state a claim to relief that is

2

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## B. Constitutional Claims

Plaintiff's complaint may be construed as alleging cruel or unusual punishment under the Eighth Amendment or the Fourteenth Amendment. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), permits recovery for some constitutional violations by federal agents, even in the absence of a statute conferring such a right. *Carlson v. Green*, 446 U.S. 14, 18 (1980). Like actions brought against state officials pursuant to 42 U.S.C. § 1983 ("§ 1983"), a plaintiff's *Bivens* claims must be brought against the individuals personally responsible for the alleged deprivation of his constitutional rights, not against the federal government or the agencies where they are employed. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Because the doctrine of *respondeat superior* does not apply in *Bivens* actions, a plaintiff must allege that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, supervisory officials usually cannot be held liable for the constitutional violations of their subordinates. *Id.*

The only named defendant is the warden of the MDC. Plaintiff has failed to demonstrate that this defendant was personally responsible for any of the alleged constitutional deprivations. He alleges only that he tried to talk to the Warden, but was discouraged from doing so. He has failed to show that the warden participated in the alleged harm, was informed of the alleged

wrong and had a responsibility to remedy it, created or continued a policy or custom under which unconstitutional practices occurred, or was grossly negligent in managing subordinates. Accordingly, the *Bivens* claim against the Warden must be dismissed.

## C. Possible Claims under the Federal Tort Claims Act

In light of plaintiff's *pro se* status, the Court has considered whether his claims could be brought under the Federal Tort Claims Act ("FTCA"). The FTCA waives sovereign immunity and permits some suits for damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In order to bring a claim in federal district court pursuant to the FTCA, a claimant must first exhaust his administrative remedies by filing a tort claim with the federal agency, in this case, the Bureau of Prisons, *see* 28 U.S.C. § 2675(a); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), and he must name the United States as the defendant. In this case, plaintiff has not indicated that he exhausted his administrative remedies within the Bureau of Prisons and that he received a final agency decision. Should plaintiff believe that he can assert a claim under the FTCA, he may file an amended complaint under this docket number.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted. Because plaintiff has failed to state a claim against the Warden, the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants plaintiff thirty (30) days within which to file an amended complaint to assert possible claims under the Federal Tort Claims Act. Should he

choose to file an amended complaint, he must name the United States as the defendant and provide information about any efforts to exhaust his administrative remedies. He should include a copy of the final agency decision or any other documentary evidence, such as a copy of the tort claim. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. All further proceedings shall be stayed for thirty (30) days. If plaintiff does not file an amended complaint, judgment dismissing the case shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

/S/ Judge William F. Kuntz, II

WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
December 21, 2015